1  Paul J. Roshka, Jr., #009285
2  Jennifer A. Baker, #024655
   **Roshka DeWulf & Patten, PLC**
3  One Arizona Center
   400 East Van Buren Street
4  Phoenix, Arizona 85004
5  (602) 256-6100
   roshka@rdp-law.com
6  jbaker@rdp-law.com

7  Attorneys for Plaintiffs

8

9              **IN THE UNITED STATES DISTRICT COURT**

10                **FOR THE DISTRICT OF ARIZONA**

11  SCOTTSDALE CAPITAL ADVISORS           No. CV 12-_____
    CORP., ALPINE SECURITIES
12  CORPORATION, JOHN J. HURRY AND
    JUSTINE HURRY,                        **COMPLAINT FOR DECLARATORY**
13                                        **AND INJUNCTIVE RELIEF**
                              Plaintiffs
14       vs.

15  BRIAN JONES,

16                             Defendant

17        Plaintiffs Scottsdale Capital Advisors Corp. ("Scottsdale"), Alpine Securities

18  Corporation ("Alpine"), John J. Hurry and Justine Hurry (collectively "Plaintiffs"), allege

19  against Defendant Brian Jones ("Jones"), as follows:

20                         **NATURE OF THE ACTION**

21        1.    Plaintiffs bring this action for declaratory judgment pursuant to 28 U.S.C. §§

22  2201 and 2202 for the purpose of determining a question of actual controversy against

23  Jones.

24        2.    Jones filed a Statement of Claim against Plaintiffs with Financial Industry

25  Regulatory Authority ("FINRA") though Jones is not a customer of Plaintiffs. *See*

26  Statement of Claim (Ex. A).

27

ROSHKA DEWULF & PATTEN, PLC
ONE ARIZONA CENTER
400 EAST VAN BUREN - SUITE 800
PHOENIX, ARIZONA 85004
TELEPHONE NO 602-256-6100
FACSIMILE 602-256-6800

3.      The claim in Jones's Statement of Claim arises from the allegation that Scottsdale and Alpine relied upon false personal and identifying information provided by a third party person to open an account under the names of Wisecity Ltd. and Brian Jones, into which 50,000 shares of Argentex Mining Corporation ("AGXM.OB") were deposited.

4.      Jones alleges that Scottsdale then liquidated the shares of AGXM.OB without Jones's authorization, and that he did not receive the proceeds from the liquidation.

5.      Jones admits in the Statement of Claim that he did not "authorize, approve or desire" Scottsdale to open the account or take these actions.

6.      Yet, Jones alleges that Plaintiffs owed him the "highest duty of care" in handling the account, and they breached that duty.

7.      Jones alleges his damages are $86,500.

8.      Plaintiffs deny liability or that Jones's Statement of Claim even states a viable claim against them.

9.      There is no agreement to arbitrate between Jones and Plaintiffs.

10.      Jones filed and continues to pursue the FINRA action maliciously, for an improper purpose, and with knowledge that his claims have no legal or factual basis.

11.      Plaintiffs, therefore, seek a judicial declaration that FINRA lacks jurisdiction over this matter because there is no arbitration agreement between the parties.  Plaintiffs also seek an order enjoining Jones from engaging in any acts and conduct in furtherance of Jones's attempts to compel the arbitration of his purported claims against Plaintiffs.

**PARTIES**

12.      Plaintiff Scottsdale Capital Advisors Corp. is an Arizona corporation qualified to do business in the State of Arizona, with its principal place of business located in Scottsdale, Arizona.

13.      Plaintiff Alpine Securities Corporation is a Utah corporation qualified to do business in the State of Utah, with its principal place of business in Salt Lake City, Utah.

ROSHKA DEWULF & PATTEN, PLC
ONE ARIZONA CENTER
400 EAST VAN BUREN - SUITE 800
PHOENIX, ARIZONA 85004
TELEPHONE NO 602-256-6100
FACSIMILE 602-256-6800

1    14.    Plaintiff John J. Hurry is a resident of the State of Arizona and the State of

2 Nevada.

3    15.    Plaintiff Justine Hurry is a resident of the State of Arizona and the State of

4 Nevada.

5    16.    Upon information and belief, Defendant Brian Jones is a citizen of the United

6 Kingdom.

7                              **JURISDICTION AND VENUE**

8    17.    This is an action for declaratory relief under the Federal Declaratory

9 Judgment Act, 28 U.S.C. §§ 2201 and 2202, and arises from a present, actual and

10 justiciable controversy between Plaintiffs and Jones.

11    18.    This Court has jurisdiction over the subject matter of this action under 28

12 U.S.C. § 1331, because the claims arise under the Section 27 of the Securities and

13 Exchange Act of 1934.  15 U.S.C. § 78aa.

14    19.    This Court also has jurisdiction over this action under 28 U.S.C. § 1332,

15 because Scottsdale is an Arizona corporation with its principal place of business in

16 Arizona, Alpine is a Utah corporation with its principal place of business in Utah, John and

17 Justine Hurry are Arizona and Nevada residents and Jones is a foreign citizen of the United

18 Kingdom.

19    20.    Jones is subject to personal jurisdiction in this District because he

20 purposefully directed activities towards this State by, among other things, exchanging

21 telephone calls, letters and emails with Justine Hurry and other employees of Scottsdale for

22 the purpose of investigating his claims arising from actions that occurred in this State and

23 attempting to negotiate a settlement with Plaintiffs.

24    21.    Venue is proper in this District under 28 U.S.C. § 1391 because substantial

25 parts of the events or omission giving rise to the dispute occurred in this judicial district.

26

27

**ALLEGATIONS**

22.     On or around November 2, 2010, Scottsdale, through its clearing firm Alpine, opened an account for a person representing he was Brian Peter Jones, who put the account under the corporate name Wisecity LTD.

23.     The account was initially handled through Scottsdale's Carlsbad, California branch.   Scottsdale's main office in Scottsdale supervised the activity of the Carlsbad branch.

24.     After opening the account, 50,000 shares of AGMX.OB were deposited into it.

25.     In January 2011, the person representing himself to be Jones contacted Scottsdale via email to determine when the shares of AGMX.OB would clear so that he could sell them.  The emails were sent from wisecityltd@yahoo.com, which was the email address listed on the account opening documents.

26.     On January 19, 2011, the person representing himself as Jones wrote: "Dear Janette, Please tell me that the shares are cleared, it is an opportune time to liquidate the position with the increased price and volume."

27.     The shares cleared on January 24, 2011, and the funds ($41,085.38) were wired to a bank account in Germany.  The person representing himself as Jones signed the wire request.  Scottsdale's main office in Scottsdale, Arizona reviewed, approved and processed the wire transfer.

28.     Jones began contacting Scottsdale in July 2011 stating he did not authorize the sale of the AGMX.OB shares and inquiring as to where the proceeds of the sale went

29.     On September 15, 2011, Jones sent an email stating he did not open the account with Scottsdale and Alpine.

30.     The emails Jones sent during this time period (July 2011 to present) were sent from su2201@eclipse.co.uk.

31.     On October 21, 2011, Jones initiated a FINRA arbitration against Plaintiffs.

ROSHKA DEWULF & PATTEN, PLC
ONE ARIZONA CENTER
400 EAST VAN BUREN - SUITE  800
PHOENIX, ARIZONA 85004
TELEPHONE NO 602-256-6100
FACSIMILE 602-256-6800

ROSHKA DEWULF & PATTEN, PLC
ONE ARIZONA CENTER
400 EAST VAN BUREN - SUITE 800
PHOENIX, ARIZONA 85004
TELEPHONE NO 602-256-6100
FACSIMILE 602-256-6800

32.     In the Statement of Claim, Jones alleges: "On or about November 2nd, 2010, SCOTTSDALE and ALPINE opened, but not limited to, investment account (85711717) in the name of Wisecity Ltd and Brian Jones, utilizing false information such as, but not limited to, a false address, false signatures on the account opening documents, false blank statements, false 144 documentation, false subscription documents, false signatures on certificates and other such false documents for the purpose of establishing an account in which deposited stock certificates of an amount of fifty-thousand (50,000) shares of Argentex Mining Corporation, OTCBB symbol: AGXM.OB (may be referred to as the "Securities").  SCOTTSDALE dematerialized and liquidated securities into the over the counter market without the knowledge or permission of [Jones]."  Statement of Claim, ¶ 10.

33.     Jones also alleges he "did not authorize, approve or desire" Scottsdale to take the actions it did, and he did not receive any of the proceeds from the liquidation of the AGXM.OB shares.  Statement of Claim, ¶ 11-12.

34.     Jones alleges his damages are $86,500 (50 shares at $1.73), plus interest, fees, costs, travel and further losses of potential gains from the total loss of capital. Statement of Claim, ¶ 13.

35.     Jones's claim sounds in negligence: "Respondent [Scottsdale] and [Alpine], and its registered representatives owed the highest duty of care to [Jones] in the handling of the account.  Respondents [Scottsdale] and [Alpine] breached that duty but not limited to of care and care of the U.S. Patriot Act, the US Anti Money Laundering Act, all and any FINRA due diligence account opening procedures, all and any FINRA compliance account opening procedures, all and any SEC compliance procedures, to [Jones.]"  Statement of Claim, ¶ 15.

36.     Plaintiffs deny they owed a duty to Jones or that their conduct fell below the applicable standard of care.  Plaintiffs further deny the Statement of Claim states a viable claim against them.

ROSHKA DeWULF & PATTEN, PLC
ONE ARIZONA CENTER
400 EAST VAN BUREN - SUITE 800
PHOENIX, ARIZONA 85004
TELEPHONE NO 602-256-6100
FACSIMILE 602-256-6800

## COUNT ONE

### Declaratory and Injunctive Relief

37.     Plaintiffs incorporate by reference paragraphs 1 through 36 as though fully set forth herein.

38.     FINRA Rule 12101 of the Code of Arbitration Procedure for Customer Disputes limits FINRA's jurisdiction to disputes between *customers* and FINRA members:

> **(a) Applicability of Code**
>
> The Code applies to any dispute between a *customer* and a member or associated person of a member that is submitted to arbitration under Rule 12200 or 12201.

(Emphasis added).

39.     Likewise, FINRA Rule 12200 limits FINRA arbitrations to disputes involving *customers*:

> Parties must arbitrate a dispute under the Code if:
>
> - Arbitration under the Code is either:
>   (1) Required by a written agreement, or
>   (2) Requested by the *customer*;
>
> - The dispute is between a *customer* and a member or associated person of a member; and
>
> - The dispute arises in connection with the business activities of the member or the associated person, except disputes involving the insurance business activities of a members that is also an insurance company.

(Emphasis added).

40.     In his Statement of Claim, Jones alleges Scottsdale and Alpine used false information to open his account.  Jones has also expressly stated he did not open the account.  The account and subject transactions were made by a third party person who purportedly stole Jones's identity.

41.     Accordingly, Jones is not a customer of Scottsdale or Alpine.

42.     Therefore, there is no agreement to arbitrate between Jones and Plaintiffs.

6

ROSHKA DeWULF & PATTEN, PLC
ONE ARIZONA CENTER
400 EAST VAN BUREN - SUITE 800
PHOENIX, ARIZONA 85004
TELEPHONE NO 602-256-6100
FACSIMILE 602-256-6800

43.     Consequently, there is no jurisdictional basis for a FINRA arbitration between Jones and Plaintiffs under FINRA Rules 12101 and 12200, and Jones must not be permitted to pursue his arbitration against Plaintiffs.

44.     Accordingly, Plaintiffs are entitled to a declaratory judgment, pursuant to 28 U.S.C. § 2201 *et seq.* that the claims Jones submitted to FINRA are ineligible for arbitration under FINRA Rules 12101 and 12200.

45.     Plaintiffs are also entitled to a preliminary injunction and, after a hearing, a permanent injunction barring Jones from pursuing his FINRA arbitration because:

a. Unless Jones is enjoined, Plaintiffs will suffer irreparable harm in that Plaintiffs will be obligated to defend themselves in the FINRA arbitration proceedings or risk an adverse outcome in those proceedings. Yet, participating in the arbitration proceedings could be deemed a waiver of Plaintiffs' objection to FINRA's jurisdiction over these disputes, which is a decision that, in any event, is properly decided by the Court. Being compelled to arbitrate a dispute that no one has agreed to arbitrate constitutes irreparable harm as a matter of law.

b. Plaintiffs have no adequate remedy at law in that any post-award challenge by Plaintiffs to an arbitrator's award in the FINRA arbitration proceedings would still require Plaintiffs in the first instance to defend themselves in arbitration proceedings to which they did not expressly consent by agreement, or impliedly consent by operation of the FINRA Code.

c. Jones will suffer no irreparable harm in the event that an injunction issues, in that Jones can still pursue his claims in an appropriate judicial forum, including this action.

d. The balance of equities tips decidedly in favor of Plaintiffs who, if no injunction issues, would be forced to defend themselves in a forum to which they did not consent.

ROSHKA DeWULF & PATTEN, PLC
ONE ARIZONA CENTER
400 EAST VAN BUREN - SUITE 800
PHOENIX, ARIZONA 85004
TELEPHONE NO 602-256-6100
FACSIMILE 602-256-6800

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

    e. The public interest would be served by prohibiting Jones from pursuing his claims against Plaintiffs in a forum to which Plaintiffs did not consent, and requiring Jones to pursue such claims, if at all, in an appropriate judicial forum.

WHEREFORE, based on the foregoing, Plaintiffs request judgment in their favor, awarding the following:

    A. Judgment in Plaintiffs' favor and against Jones, declaring the respective rights and obligations of the parties pursuant to 28 U.S.C. § 2201.

    B. Preliminary and permanent injunction against Jones from (i) pursuing any claims against Plaintiffs in FINRA arbitration, and (ii) prohibiting Jones from initiating or prosecuting any new or additional claims against Plaintiffs other than in a court of competent jurisdiction.

    C. Attorneys' fees and costs.

    D. Such other and further relief as the Court deems just and proper.

DATED this 20th day of January, 2012.

ROSHKA DeWULF & PATTEN, PLC

By /s/Jennifer A. Baker
    Paul J. Roshka, Jr.
    Jennifer A. Baker
    One Arizona Center
    400 East Van Buren Street, Suite 800
    Phoenix, Arizona 85004
    Attorneys for Plaintiffs

**CERTIFICATE OF SERVICE**

1

2        I hereby certify that on January 20, 2012 I electronically transmitted the attached

3  document to the Clerk's Office using the CM/ECF System for filing and transmittal of a

4  Notice of Electronic Filing to all registered Filing Users through the Court's Electronic

5  Filing System.

6

7

8                                                    /s/ Mary Ippolito

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

ROSHKA DeWULF & PATTEN, PLC
ONE ARIZONA CENTER
400 EAST VAN BUREN - SUITE 800
PHOENIX, ARIZONA 85004
TELEPHONE NO 602-256-6100
FACSIMILE 602-256-6800